Arthur ZOBEL, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION
and Frank Boyer,
Defendants-Respondents.

No. 49379.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1985.

Motion for Rehearing and/or
Transfer Denied
Dec. 17, 1985.

Application to Transfer Denied
March 25, 1986.

Jonathan W. Belsky, Clayton, for plaintiff-appellant.

James E. McDaniel, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff-appellant, Arthur Zobel, sued defendants-respondents, employer, General Motors, and co-employee, Frank Boyer, for false arrest, malicious prosecution and for violating the Missouri Service Letter Statute. Plaintiff was arrested on the property of General Motors when he failed to leave the premises after he was discharged from employment. The jury found in favor of defendant Boyer, and for plaintiff only on the malicious prosecution count, and against General Motors. The trial court granted General Motors' motion for judgment notwithstanding the verdict because plaintiff's case was submitted only on theory of respondeat superior. The trial court applied the rule that because the jury found the employee free of liability, the employer must also be free of liability. *New Orleans & N.E.R. Co. v. Jopes*, 142 U.S. 18, 24, 12 S.Ct. 109, 111, 35 L.Ed. 919 (1891); *Vaughn v. Sears, Roebuck and Co.*, 643 S.W.2d 30, 33 (Mo.App.1982). Plaintiff did not submit the false arrest claim and has not appealed the adverse verdict and judgment on the service letter claim.

Plaintiff contends the trial court erred in sustaining General Motors' motion requesting a judgment notwithstanding the verdict. He claims as error: (1) the jury had not been properly instructed; and (2) the jury could have returned a verdict against General Motors on an independent theory of liability. Affirmed.

Plaintiff claims the jury was improperly instructed by the court. More specifically, the plaintiff submitted one verdict director which instructed the jury to determine the liability of both defendants. Defendants, however, submitted two converse instructions, one for each defendant, in response to plaintiff's verdict director. Plaintiff claims the trial court erred in submitting two converse instructions. However, plaintiff did not raise this issue at trial or in his motion for new trial. The point was not preserved for appellate review. *Anderson v. Childers*, 686 S.W.2d 38, 40 (Mo.App.1985).

Plaintiff also claims the jury could have returned a verdict on an independent theory of liability and so it was error for the trial court to sustain defendant General Motors' motion for judgment notwithstanding the verdict. This is an abstract statement of the law which has no application to the present case. The legal file indicates plaintiff pleaded and instructed only on the malicious prosecution claim on the theory of respondeat superior. Plaintiff will be held on appeal to the theory upon which plaintiff's case was pleaded, tried and submitted below. *Kolb v. Howard Corporation*, 219 S.W.2d 856, 859 (Mo. App.1949). Plaintiff is not entitled to relief on the basis of what he claims he could, but did not, plead as a theory of recovery.

We affirm.

SIMON and GARY M. GAERTNER, JJ., concur.