Ira M. BEASLEY, Plaintiff-Appellant,

v.

AFFILIATED HOSPITAL PRODUCTS, et al., Defendant-Respondent.

No. 50113.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1986.

Rehearing Denied Aug 8, 1986.

Mark Robert Bahn, St. Louis, for plaintiff-appellant.

Gerard F. Hempstead, Clayton, Robert L. Jackstadt, Collinsville, Ill., for defendant-respondent.

KAROHL, Presiding Judge.

Plaintiff employee appeals from an order of the trial court dismissing all six counts of the first amended petition for failing to state a cause of action against defendant employer Affiliated Hospital Products, Inc. (Affiliated). The dismissal was entered on May 2, 1985. The order also dismissed two of six counts against an individual defendant, Leon Fern, who was also an employee of defendant Affiliated. The first amended petition does not plead the capacity in which Fern acted in relation to Affiliated and plaintiff. The original petition was more specific.

Before we consider the basic facts and issues, we address Affiliated's motions to dismiss and the related procedural facts and issues. Plaintiff filed a notice of appeal on May 13, 1985. On that date, four counts of the first amended petition were still pending in the trial court against individual defendant Fern. The dismissal of all counts against Affiliated was not a final judgment and the appeal was premature. The judgment on May 2, 1985 did not dispose of all parties and all issues. We find, however, that the judgment became final

and the notice of appeal effective because of subsequent events. The premature notice of appeal has become effective to vest jurisdiction in this court. Rule 81.05(b).

On June 3, 1985, defendant Fern was granted removal to the Federal District Court for the Eastern District of Missouri on the pending four counts because of diversity of citizenship. 28 U.S.C. § 1446(b). On August 9, 1985, the district court dismissed the remaining counts for failure to state a cause of action. That dismissal was not appealed within the federal system and is now final. We find that the trial court dismissal of May 2, 1985 became a final judgment as to defendant Affiliated not later than the date the district court dismissal became final. We need not and do not decide whether the trial court judgment of dismissal became final and appealable when the claims against defendant Fern were removed to the federal court because of diversity. That decision may be reached in a similar case where the removal proceeding remains at issue during an attempted appeal of the state trial court dismissal.

Defendant Affiliated has filed a second motion to dismiss this appeal because the unappealed federal district court dismissal in favor of defendant Fern bars any recovery under the theory of respondeat superior against Affiliated. Affiliated cites *Zobel v. General Motors Corp.*, 702 S.W.2d 105 (Mo.App.1985). We need not decide whether the rule announced in *Zobel* applies to a dismissal for failure to state a cause of action because the petition does not purport to state a cause of action based solely on the theory of respondeat superior. Defendant Affiliated's motions to dismiss the appeal are overruled.

Plaintiff was vice president-general manager of Affiliated and served in that position for about one year prior to his termination. There is no dispute plaintiff was an employee at will. He alleged that in March 1982 he was requested by his supervisor to fraudulently predetermine the winner of an advertised raffle of hospital equipment donated and manufactured by Affiliated. He claims compliance with his supervisor's instructions would have resulted in violating § 570.140 RSMo [Deceptive Business Practice]; § 570.150 RSMo [Commercial Bribery]; § 570.160 RSMo [Bait Advertising, False Advertising]; Title 18 U.S.C. § 1341 [Mail Fraud]; and Title 18 U.S.C. § 1343 [Wire Fraud]. Employee was terminated on April 16, 1982. He claims in a six count petition actual and punitive damages for wrongful discharge (Count I & II), negligent infliction of emotional distress (Count III), intentional infliction of emotional distress (Count IV), and actual and punitive damages for prima facie tort (Count V & VI). He alleges he was wrongfully discharged for refusing to obey his supervisor's instruction which would have resulted in commission of criminal acts.

Employee claims the trial court erred in dismissing Counts I and II because refusing to participate in a criminal act during employment falls within the public policy exception to the employment at will doctrine. Employee also claims error in dismissing Counts III (negligent infliction of emotional distress and IV (intentional infliction of emotional distress). The dismissal of the prima facie tort counts has not been briefed or argued and will be treated as abandoned.

Affiliated defends on the ground that Missouri does not recognize a public policy exception to the employment at will doctrine and the trial court properly dismissed employee's petition for failing to state a cause of action. It contends that no demand was made upon plaintiff to commit any criminal acts and that the statutes mentioned in the petition are to protect consumers or participants only with the result that plaintiff has no standing to rely on them.

In determining the sufficiency of a petition challenged by a motion to dismiss, we give the petition its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to plaintiff to determine whether they invoke principals of substantive law, and inform defendant of

what plaintiff will attempt to establish at trial. *Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976); *Gaines v. Monsanto Co.,* 655 S.W.2d 568, 570 (Mo.App.1983).

The trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and in favor of plaintiffs, giving them the benefit of all inferences fairly deducible from the facts stated therein. *Jaime v. Neurological Hospital Ass'n of Kansas City,* 488 S.W.2d 641, 643 (Mo.1973). The well pleaded facts alleged in the petition should be assumed to be true. *Stiffelman v. Abrams,* 655 S.W.2d 522, 525 (Mo. banc 1983). The dismissal will be upheld only if plaintiff could not recover on any theory pleaded. *Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625, 630 (Mo.App.1975).

■ Employee's petition is premised upon an exception to the employment at will doctrine as recently discussed in *Dake v. Tuell,* 687 S.W.2d 191 (Mo. banc 1985). The supreme court refused to recognize a cause of action for wrongful discharge against employers "by cloaking their claims in the misty shroud of prima facie tort." 687 S.W.2d at 192. The court reiterated the doctrine that absent a contrary statutory provision an at will employee cannot maintain an action for wrongful discharge against his former employer. 687 S.W.2d at 192–193. Employers can discharge for cause or without cause an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision. 687 S.W.2d at 193. *Amaan v. City of Eureka,* 615 S.W.2d 414, 415 (Mo. banc 1981), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981). The court in *Dake* held that prima facie tort was not available to circumvent the employment at will doctrine.

Subsequent to *Dake* the Western District decided *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859 (Mo.App.1985). That case acknowledged the supreme court's refusal to allow a cause of action under prima facie tort but stated that the supreme court did not decide if a public policy exception to the employment at will doctrine was available.

*Boyle* analyzed the public policy exceptions as announced in other jurisdictions and concluded employers "are not free to require employees, on pain of losing their jobs, to commit unlawful acts or acts in violation of a clear mandate of public policy expressed in the constitution, statutes and regulations promulgated pursuant to statute." 700 S.W.2d at 877.

■ At the pleading stage *Boyle* is decisive. In *Boyle,* the employee was discharged for refusing to violate Food and Drug Administration (FDA) regulations. Her employer instructed her to refrain from testing eyeglass lenses for safety as required by the FDA. Plaintiff complained to her employer and eventually submitted a formal complaint to the Occupational Safety and Health Administration (OSHA) and the FDA. Here, employee is alleging his discharge was a result of his refusal to "fix" an advertised raffle. *Boyle* stated the public policy exception is a narrow exception to the at will employment doctrine. A cause of action for wrongful discharge arises if an employee is discharged in violation of a clear mandate of public policy. 700 S.W.2d at 871. The pleaded statutes satisfy the requirement of a clear mandate of public policy against acts the petition assigns to defendant Affiliated.

Two Missouri cases prior to *Boyle* allowed an at will employee to recover against his employer. In *Smith v. Arthur C. Baue Funeral Home,* 370 S.W.2d 249, 254 (Mo.1963), the court held an employer is liable for wrongful discharge for asserting his constitutional right to choose collective bargaining representatives to bargain for him. The court reasoned Article I § 29 of the Missouri Constitution created a modified at will doctrine because it declared a right and a guarantee which was violated by employer.

The second case is *Hansome v. Northwestern Cooperage, Co.,* 679 S.W.2d 273, 275–276 (Mo. banc 1984). The court held an at will employee has a cause of action for wrongful discharge where he was discharged for exercising a right granted under § 287.780 RSMo, the Workers' Compensation statute. Absent such a statutory

provision the employer remains free to discharge an employee at will.

This court in *Ising v. Barnes Hospital,* 674 S.W.2d 623 (Mo.App.1984) recognized the public policy exceptions to the employment at will doctrine but refrained from applying it because there was no demonstration of a clearly stated and well established public policy.

In the present case, employee alleges he was discharged "as a direct and proximate result of Plaintiff's refusal to obey instructions of Defendant Fern to scheme and fraudulently predetermine the winner of an advertised 'raffle' sponsored by Defendant Affiliated...." Employee alleges compliance with these instructions would have resulted in criminal actions, a clear violation of public policy as announced by both the Missouri and United States legislatures. We adopt this position.

Our review is not a review of the merits but only to determine if plaintiff's pleadings are sufficient to state a cause of action. We find as enunciated in *Boyle* plaintiff employee states a cause of action for wrongful discharge. Because at least nominal damages may be recovered, we do not reach the question of the difficulty of ascertaining and proving actual damages where plaintiff as an at will employee could be discharged for no reason at all shortly after a discharge on the ground alleged, which, for pleading purposes is taken as true.

Employee also claims the trial court erred in dismissing Count III (negligent infliction of emotional distress) and Count IV (intentional infliction of emotional distress). The grounds for the court's dismissal of these counts were two-fold: employee cannot maintain a claim for negligent and intentional infliction of emotional distress if his allegations of wrongful discharge fail; and employee failed to plead that he sought medical attention. Both grounds were asserted in Affiliated's motion to dismiss.

▮ The first ground fails in light of Missouri's recognition of a public policy exception to the employee at will doctrine as applied here. The second ground also

fails. Plaintiffs no longer need to allege a contemporaneous physical injury to plead a tort action for emotional distress. *Bass v. Nooney, Co.,* 646 S.W.2d 765, 772 (Mo. banc 1983). Plaintiff need only plead the defendant should have realized its conduct involved an unreasonable risk of causing plaintiff's emotional distress and that the distress is "medically diagnosable" and "medically significant." 646 S.W.2d at 772–773. *Bennett v. Mallinckrodt, Inc.,* 698 S.W.2d 854, 866 (Mo.App.1985).

Affiliated's motion does not challenge employee's pleadings on the ground that he failed to plead his injuries were medically diagnosable or medically significant but that he failed to seek medical attention. There is no requirement that plaintiff must plead he sought medical attention. The difference is a proof problem not a pleading problem. The distinction is subtle but significant. The distinction may be remedied by a motion for a more definite statement or an order to amend. Dismissal is not the remedy.

We reverse and remand the dismissal of Counts I, II, III, and IV.

SIMON and GARY M. GAERTNER, JJ., concur.