**Greta E. CROCKETT, Appellant,**

v.

**MID–AMERICA HEALTH SERVICES, d/b/a Two Rivers Psychiatric Hospital, Inc., Respondent.**

**No. WD 41942.**

Missouri Court of Appeals, Western District.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Bert S. Braud, Popham, Conway, Sweeny, Fremont, & Bundschu, P.C., Kansas City, for appellant.

E.J. Holland, Jr., Amy L. Peck, Spencer, Fane, Britt & Browne, Kansas City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

CLARK, Judge.

This is an appeal from a summary judgment entered against plaintiff-appellant, Greta E. Crockett, on her petition for damages brought against respondent, the operator of a psychiatric hospital in Jackson County. The issue presented in the case is whether Crockett's petition pleaded a cause of action for wrongful discharge of an employee under the public policy exception to the Missouri doctrine of employment at will.

Appellant contends in two points of error that the trial court was not entitled to award summary judgment because the petition stated a cause of action for a wrongful discharge in violation of public policy and because the deposition given by appellant demonstrated the existence of material disputed facts. The public policy argument relies on a contention that appellant was discharged because of her refusal to commit a criminal act of forgery.

We first confront the problem of determining what relief was within the scope of the issues presented to the trial court. Although respondent's motion was entitled a motion for summary judgment, several requirements for summary judgment are lacking. Under Rule 74.04(c), summary judgment is appropriate where the pleadings, depositions, answers to interrogato-

ries and admissions on file, together with affidavits if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ Respondent's motion made no allegation that the material facts of the case were undisputed and the court's order made no finding to this effect. There were no answers to interrogatories or admissions on file and no affidavits were submitted. The parties do make reference to a deposition containing appellant's testimony, but the record on appeal does not show the deposition was ever filed. It is not a part of the case record here. No entry by the trial court indicates all or any part of the deposition testimony was taken into account in the decision to enter summary judgment.

On this record, it can only be concluded that if respondent was entitled to judgment, it is because the well pleaded facts of plaintiff's petition demonstrate no cause for relief. Thus, the judgment in the case would more appropriately be characterized as a dismissal for failure to state a cause of action rather than summary judgment. We review the petition in this light giving appellant the benefit of all facts her petition alleges.

Appellant's brief serves to explain the nature of her petition claim. She relies on the doctrine announced in *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859 (Mo.App. 1985), described as a public policy exception to the employment at will doctrine. As an employee not engaged for a term of service under a contract, appellant asserts that she is entitled to damages for wrongful discharge because the reason for her dismissal was her refusal to commit an act constituting a violation of the public policy of the state embodied in a statute, particularly § 570.090.1(1), RSMo 1986, prohibiting forgery. The question is whether the petition states a cause of action under that theory of recovery.

Appellant alleges she was employed by respondent on September 2, 1986 as director of admissions and on March 9, 1987, she was promoted to director of nursing. She was terminated from her employment on February 25, 1988. During the previous week, respondent's facility had been inspected by investigators from the Joint Commission on Accreditation of Hospitals. Appellant was told that her dismissal was based, at least in part, on the JCAH review.

The only allegations of the petition touching at all on the public policy theory are as follows:

\* \* \* In addition, the JCAH required the meeting of an infection control committee. Because the management of defendant hospital refused to appoint a medical doctor to head the committee, such a committee never met, all contrary to accreditation policies and standards. Additionally, other committees required by the JCAH, outside the responsibilities of plaintiff, also had not met. These committees had been told by management at defendant hospital to nevertheless prepare bogus minutes of the "meetings" for review by the JCAH.

The long-standing adherence of Missouri courts to the employment at will doctrine was restated by the Missouri Supreme Court in *Dake v. Tuell*, 687 S.W.2d 191 (Mo. banc 1985), and most recently by this court in *Krasney v. Curators of University of Missouri*, 765 S.W.2d 646, 651–52 (Mo.App.1989). As stated in *Dake*, the rule in Missouri is that an employer can discharge, for cause and without cause, an at will employee who does not otherwise fall within the protective reach of a contrary statutory provision, and still not be subject to liability for wrongful discharge. Unless there is a contrary statutory provision on which to base the wrongful discharge claim, the employee must set forth in his petition for wrongful discharge the essential elements of a valid contract and a discharge in violation thereof. *Dake*, 687 S.W.2d at 193.

The *Dake v. Tuell* line of authority, recently reaffirmed by the court in *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661 (Mo. banc 1988), follows a somewhat different path from the decision by this court in *Boyle v. Vista Eyewear, Inc.*, *supra*, and by the eastern district court in *Beasley v. Affiliated Hospital Products*, 713 S.W.2d 557 (Mo.App.1986). *Boyle* and *Beasley* accept what has been described as

a public policy exception to the employment at will doctrine. Under this exception, an employer may be liable for the wrongful discharge of an employee if the discharge was based on the refusal of the employee to commit unlawful acts or acts in violation of a clear mandate of public policy expressed in the constitution, statutes and regulations promulgated pursuant to statute.

To be sustainable as an actionable claim for wrongful discharge, an employee suing under the public policy exception to the employment at will doctrine must allege and prove that conduct required of him by the employer would have amounted to a violation of a statute, constitutional provision or regulation adopted pursuant to a statute, and also that his discharge was attributable to a refusal to perform the unlawful act or his performance of a mandated lawful act contrary to the directions of his employer.

■ Even were it assumed that preparation of "bogus minutes" for committee meetings which were never held could possibly constitute the crime of forgery, a proposition for which appellant cites no authority,[1] the petition in this case is fatally deficient because there is no allegation that appellant was ever directed to prepare any such minutes and there is no allegation that appellant refused to prepare the minutes or that she was discharged on this account. The only allegation referable to her discharge is that "plaintiff was in fact fired in violation of public policy."

The petition does allege several incidents associated with appellant's discharge, none of which arguably supplies the requisite elements for recovery under the public policy exception to the employment at will

doctrine. She alleges that she told JCAH representatives of deficiencies in respondent's operations, not only about the failure of committees to meet, but also that respondent had not implemented a patient classification system. She notes that soon thereafter she was asked to resign, that the reasons given for her dismissal in a service letter were false and that spurious reports were later inserted in her personnel file. There is no allegation as to what appellant contends was the true cause for her discharge except the inference of friction over appellant's presentation of respondent's operations to the JCAH.

The public policy exception to the employment at will doctrine is narrow, *Boyle*, 700 S.W.2d at 871, and a plaintiff who seeks to come within its scope must expressly plead that his employer has discharged him because of his refusal to violate the law. *Boyle*, 700 S.W.2d at 878. Appellant has not pleaded such a case here and, admittedly not having a cause of action for breach of contract employment, she did not state a case for recovery.

■ Appellant's second point, referable to the deposition and potential disputed facts, is obviously not preserved where the deposition is not a part of the case record. Even were the contents here, however, a deposition could scarcely serve to rescue a cause where the petition in the case stated no legal basis for recovery.

The judgment is affirmed.

All concur.

---

1. Under § 570.090.1(1), RSMo 1986, the only statute arguably applicable to appellant's claim that a criminal act of forgery was involved, it is an offense if, with purpose to defraud, a person makes, completes, alters or authenticates any writing so that it purports to have been made at another time than was in fact the case. Thus, preparation of "bogus minutes" would only constitute forgery if it were represented that the minutes had in fact been drawn as the purported meeting was in progress. The mere representation, even made in writing, that a meeting occurred when it did not is not forgery. More-

over, the crime of forgery includes the essential element of intent to defraud. *State v. Riley*, 758 S.W.2d 479, 480 (Mo.App.1988). An intent to defraud indicates a purpose or design to deprive someone of a lawful right, interest or property by fraudulent means inconsistent with an intent to return the property to its owner. *State v. Harris*, 313 S.W.2d 664, 670 (Mo.1958). These elements of a criminal act are not compatible with the creation of fictitious committee meeting minutes, even under a liberal interpretation of appellant's assertions.