Ronald J. PETERSIMES,
Plaintiff–Appellant,

v.

CRANE COMPANY, d/b/a Crane
National Vendors, Defendant–
Respondent.

No. 60908.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Mary Anne Sedey, William E. Moench, Kenneth H. Gibert, St. Louis, for plaintiff-appellant.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy, D. Michael Linihan, John B. Renick, St. Louis, Mo., for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Ronald J. Petersimes, brought an action for wrongful discharge based upon the public policy[1] exception to the

---

1. *Public policy* has been defined as the principle   of law which holds that no citizen can lawfully

employment at will doctrine. Respondent, Crane Company, moved to dismiss on the basis that Missouri does not recognize such an exception. The trial court dismissed appellant's petition. Thus, the narrow issue before this court is whether Missouri recognizes a public policy exception to the employment at will doctrine where an employee is discharged because he refused to commit an unlawful act or acts in violation of a clear mandate of public policy. We reverse and remand.

■ This case is before us on a motion to dismiss for failure to state a claim for relief. Therefore, we accept as true the facts properly pleaded, giving the averments a liberal construction, and making those reasonable inferences fairly deducible from the facts stated. *Concerned Parents v. Caruthersville School District*, 548 S.W.2d 554, 558 (Mo. banc 1977).

Appellant was hired by respondent as its Quality Assurance Manager in May 1989. At the time respondent was engaged in the manufacture of 1,000 postal commodity vending machines pursuant to a contract with the U.S. Postal Service. This contract required respondent to meet certain safety and quality standards in the manufacture of the vending machines and certify in writing at the time of delivery of the machines that these standards had been met. Appellant's job was to assure compliance with these standards and certify to the government that they had been met.

During appellant's tenure at this job he observed and reported repeated instances of non-compliance with the specific quality and safety provisions set forth in the contract. Eventually, on October 25, 1989, appellant notified his supervisor that he would not certify a specific shipment scheduled for October 27, 1989, because of these violations. Appellant was told to destroy the memo and his job security was threatened. Appellant remained firm in his conviction and was instructed to stay home on October 27. Appellant did not go to work that day and his supervisor certified the shipment.

As a result of appellant's refusal to certify the shipment he was transferred to another of respondent's plants. At the new plant appellant continued to attempt to assure compliance with requirements set forth in various other vending contracts of respondent. Finally, on June 15, 1990, appellant was discharged.

Appellant filed this wrongful discharge action claiming he was discharged as a direct result of refusing to violate the statutes and regulations of the United States. In particular appellant points to 18 U.S.C. § 1001 which forbids the making of any false or fraudulent statements with regard to any matter within the jurisdiction of any department or agency of the United States and the making or use of any such false or fraudulent statements is a crime. Appellant's petition was dismissed by the trial court and appellant appeals that judgment.

Appellant's sole point on appeal is that the trial court erred in dismissing his petition which stated a cause of action for wrongful discharge. Appellant's contention is based on a public policy exception to Missouri's employment at will doctrine. Respondent filed a motion to dismiss arguing there was no such exception. The trial court agreed. Thus, the question before this court is whether a person under the facts alleged can file a wrongful discharge suit in Missouri founded upon a public policy exception to the employment at will doctrine.

■ Employees who do not have a contract for a definite period of time are considered employees at will and can be discharged for cause or without cause and the employer will not be liable for wrongful discharge unless the employee falls within the protective reach of a contrary statutory provision. *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988). However, this at will doctrine has been judicially expanded in some instances.

■ Our research reveals that the rationalization for the expansion of the at will

do that which has a tendency to be injurious to the public or against public good. *Petermann v.* *International Brotherhood of Teamsters*, 174 Cal. App.2d 184, 344 P.2d 25 (1959).

rule is expressed in *Sides v. Duke University*, 74 N.C.App. 331, 328 S.E.2d 818, 826 (1985), "[w]hile there may be a right to terminate a contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent."

The expansion in Missouri began in *Smith v. Arthur C. Baue Funeral Home*, 370 S.W.2d 249 (Mo.1963). In *Baue* the Missouri Supreme Court found that an employee at will had a cause of action for wrongful discharge where the employer fired the employee for exercising his constitutional right to choose collective bargaining representatives to bargain for him. *Id.* at 254. The court ruled that the constitutional provision giving employees this right modified the employer's rights as to discharging an employee at will. *Id.*

In *Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859 (Mo.App.1985) the Western District applied the public policy exception to the employee at will doctrine. This exception provides that an at will employee who has been discharged by an employer in violation of a clear mandate of public policy has a cause of action against the employer for wrongful discharge. *Id.* at 871. The public policy alleged to be violated in *Boyle* was the Federal Food and Drug Administration's regulation found in 21 C.F.R. § 801.410 which proscribed a process of manufacturing eyeglasses. *Boyle*, the plaintiff, was fired when she warned the defendants that she would notify the FDA that they were in violation of 21 C.F.R. § 801.410 if they did not comply with the regulation. *Id.* at 877. The court found these allegations sufficient to state a cause of action for wrongful discharge under the public policy exception and added it would have also been sufficient if plaintiff had pled she was fired for refusing to violate the FDA. *Id.*

This district first applied the public policy exception to the employment at will

doctrine in *Beasley v. Affiliated Hospital Products*, 713 S.W.2d 557 (Mo.App.1986). In *Beasley* the employee alleged he was discharged as a result of his refusal to obey his employer's instructions to scheme and fraudulently predetermine the winner of an advertised raffle sponsored by his employer. *Id.* at 561. The employee alleged, and this court agreed, that compliance with those instructions would have resulted in criminal actions and would have been a clear violation of public policy as announced by both the Missouri and United States legislatures. *Id* at 561. Thus, we allowed the employee to go forward with his wrongful discharge action established upon the public policy exception.

The applicability of the public policy exception to the employment at will doctrine was reviewed in the decision of our Supreme Court in *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661 (Mo. banc 1988). In *Johnson* the employee was discharged when she was absent from work to attend a deposition in a civil suit in which she was a party. *Id.* at 662. The employee asserted that she was wrongfully discharged in violation of public policy. She relied on the aforementioned, *Baue, Boyle* and *Beasley* cases. The court in response stated that it "does not deem it necessary to engraft a so-called 'public policy' exception onto the employment at will doctrine. In the cases cited by plaintiff the employee had the benefit of a constitutional provision, a statute, or a regulation based on a statute." *Id.* 745 S.W.2d at 663. However, *Johnson* did not have the benefit of any of the enumerated reasons and the court denied her claim.

Following the decision in *Johnson* the Western District reaffirmed its adherence to the public policy exception to the employment at will doctrine. In *Crockett v. Mid–America Health Services*, 780 S.W.2d 656 (Mo.App.1989) the court held that this exception applies where the employee alleges the:

> conduct required of him by the employer would have amounted to a violation of statute, constitutional provision or regulation adopted pursuant to a statute, and

also that his discharge was attributable to a refusal to perform the unlawful act or his performance of a mandated lawful act contrary to the directions of his employer. *Id.* 780 S.W.2d at 658.

In *McCloskey v. Eagleton,* 789 S.W.2d 518 (Mo.App.1990) this court held that no public policy exception to the employment at will doctrine applied where an associate attorney of a law firm was discharged and claimed the "open courts" provision of our state constitution was an exception to the at will doctrine.

■ We conclude from the aforementioned cases that a public policy exception to the employment at will doctrine exists and we now look at appellant's petition to determine whether he has pleaded a cause of action. Appellant alleges in his petition that he was discharged for refusing to certify a shipment that was not in compliance with a contract with the U.S. Postal Service. Appellant claims that this was in violation of 18 U.S.C. § 1001. Respondent argues that appellant's alleged refusal to violate 18 U.S.C. § 1001 and his dismissal were seven months apart and, therefore, it can be inferred that the intervening events which occurred in this time period were the cause of his dismissal. That is a matter of evidence. We find appellant has sufficiently pled a cause of action for wrongful discharge based upon a public policy exception to the employee at will doctrine.

Reversed and remanded.

STEPHAN and CRIST, JJ., concur.