**Vicki Lynn CLARK, Appellant,**

v.

**BEVERLY ENTERPRISES–MISSOURI, INC., Respondent.**

**No. WD 47631.**

Missouri Court of Appeals, Western District.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1994.

Application to Transfer Denied April 26, 1994.

Michael W. Manners, Paden, Welch, Martin & Albano, Independence, for appellant.

James C. Morrow, Myerson, Monsees & Morrow, Kansas City, for respondent.

Before HANNA, P.J., and LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

This appeal involves a case of first impression before a Missouri court and involves the question: does § 198.070 RSMo (Cum.Supp. 1993) create a public policy exception for the tort of wrongful discharge for an at-will employee of a nursing home who reports allegations of patient abuse, and must the plaintiff-employee prove damages as an element of the case, and where no actual damages are suffered, may the general damage instruction given to the jury include an award of nominal damages? § 198.070, requires in pertinent part:

1. when any employee in a facility has reasonable cause to believe that a resident of a facility ... has been abused or neglected, he shall immediately report or cause a report to be made to the department ...

3. any person required in subsection one to report or cause a report to be made ... who fails to do so is guilty of an infraction ...

8. Anyone who makes a report pursuant to this section ... shall be immune from any civil or criminal liability unless such person acted in bad faith or with malicious purpose ...

10. No person who directs or exercises any authority in a facility shall dismiss or retaliate against a resident or employee because he has made any report of any violation or suspected violation of laws, ordinances or regulations applying to the facility which he has reasonable cause to believe has been committed or occurred ...

Vicki Clark (Clark), appellant, was employed by Beverly Enterprises–Missouri, Inc. (Beverly), at Oak Park Manor Nursing Home (Oak Park), from September 14, 1984 to November 18, 1986, when she alleges dismissal in retaliation for reporting incidents of abuse and neglect of patients at Oak Park pursuant to § 198.070. Beverly denied firing Clark,

claiming instead she quit. Clark found a new job quite soon after leaving. Clark alleged she sustained lost wages and future wages of $100,000. Beverly argued Clark experienced no damages since Clark quickly found a higher paying job. In fact Clark's evidence as to her damages for lost wages was very negligible.

The instructions, both the verdict-director and damage were as follows:

M.A.I 4.01, the general damage instruction

4.01—Damages—Personal and Property

If you find in favor or plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe she sustained as a direct result of the occurrence (wrongful discharge) mentioned in the evidence.

and the verdict-director, Instruction No. 5, a not-in-M.A.I. instruction submitted by the defendant, which stated:

Your verdict must be for Plaintiff, Vicki Clark, against Defendant, Beverly Enterprises–Missouri Inc., if you believe:

First, Defendant discharged Plaintiff from her employment, and

Second, the exclusive reason for such discharge was because Plaintiff participated in reporting patient abuse or neglect to the Division of Aging, and

Third, as a direct result of being discharged, Plaintiff was damaged.

The verdict-director offered by Clark, which was refused, was identical to No. 5 except it did not include the element in the third paragraph calling for proof of damages. The jury found for the defendant, Beverly.

Clark's central issue on appeal is the use of instruction 5 which required proof of damages as an essential element of her case. While this court holds it was erroneous to include the third paragraph in the verdict directing instruction, the error was harmless since Clark did not object to the use of MAI 4.01 in its unmodified form since she did not include a provision in that instruction allowing for nominal damages. Clark thereby

failed to provide a mechanism which would allow her to receive even nominal damages.

## Public Policy Exception

Clark sought redress from her alleged termination under § 198.070 (RSMo 1993) which requires an employee in a nursing home facility to report any instance of abuse or neglect. The failure to report an abuse makes one guilty of an infraction. Under § 198.070.8 an individual who reports a violation is protected from criminal or civil liability. Additionally, § 198.070.10 states an employer may not dismiss or retaliate against an employee who reports a violation of the laws, ordinances or regulations. While § 198.070 does not expressly state that it creates a private cause of action, it would be illogical to say the legislature did not intend to allow private causes of action when it created a statute which compels an employee to report violations of the law, and protects her from retaliation or dismissal or conversely subject her to a penalty for failure to report a violation. See Prewitt v. Factory Motor Parts, Inc., 747 F.Supp. 560, 565 (W.D.Mo.1990). (public policy exception does not apply where the statute provides the employee a remedy).

Generally, employees that do not have a contract for a definite period of time are considered at-will employees, and may be dismissed at any time, with or without good cause, unless the employee falls within, and is protected by, a contrary statutory provision. Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. banc 1988); Rothweil v. Wetterau Inc., 820 S.W.2d 557, 559–60 (Mo.App.1991) (public policy exception did not apply where statutes relied on by plaintiff did not create a right to use illegal drugs nor did they impose a duty upon the employer to refrain from firing an employee with a self-inflicted drug addiction). Moreover, when the discharge "contravenes public policy in any way, the employer has committed a legal wrong." Boyle v. Vista Eyewear Inc., 700 S.W.2d 859, 874 (Mo.App.1985) (citing Palmateer v. International Harvester Co., 85 Ill.2d 124, 52 Ill.Dec. 13, 15, 421 N.E.2d 876, 878 (1981). The significance of the public policy exception is that it protects "a myriad" of employees without the bargaining power to command employment contracts and are "entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers." Sheets v. Teddy's Frosted Foods Inc., 179 Conn. 471, 427 A.2d 385, 388 (1980). This protection is offered because while there may be right to terminate a contract at will for no reason, "... there can be no right to terminate for an unlawful reason or purpose that contravenes public policy." Petersimes v. Crane Co., 835 S.W.2d 514, 516 (Mo.App.1992) (citing Sides v. Duke University, 74 N.C.App. 331, 328 S.E.2d 818, 826 (1985)). A contrary interpretation would discourage employees from complying with statutes like § 198.070 which require whistle-blowing to further the public policy of protecting the sick and elderly. Id.

Missouri first recognized the need for a public policy exception in Smith v. Arthur C. Baue Funeral Home, 370 S.W.2d 249 (Mo. 1963), the doctrine was further explored by this court in Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859 (Mo.App.1985). In Boyle this court noted there are four categories of public policy exception cases: the first one is the discharge of an employee because of his or her refusal to perform an illegal act; the second category involves employees who report violation of law or public policy by their employers or fellow employees; the third type of cases are those that sound public policy would encourage; i.e., acceptance of jury duty position, seeking public office, asserting rights to collective bargaining or joining a labor union; and finally, those cases where the employee was discharged for filing a worker's compensation claim. Id. at 875. The facts in Boyle were that Ms. Boyle was discharged for complaining to OSHA that her employer was not conducting federally mandated test on eye glasses. The court recognized while she was an at-will employee, her status as an employee was protected by the nature of the OSHA regulation which was enacted to further public safety concerns.

The case at bar falls squarely within the second category discussed in Boyle and covered in its ultimate holding. While no other Missouri case to date has fallen within this category, other states have recognized its

validity and found that plaintiffs who report their employer's misconduct, either to their superiors or to the proper authority pursuant to statutes or ordinances, are protected by the public policy exception. *Bleich v. Florence Crittenton Ser.,* 98 Md.App. 123, 632 A.2d 463 (1993); *Prewitt v. Factory Motor Parts, Inc.,* 747 F.Supp. 560 (W.D.Mo.1990); *Field v. Philadelphia Electric Co.,* 388 Pa.Super. 400, 565 A.2d 1170 (1989); *Watassek v. Michigan Dept. of Mental Health,* 143 Mich. App. 556, 372 N.W.2d 617, 621 (1985); *Brown v. Physicians Mutual Ins. Co.,* 679 S.W.2d 836 (1984); *McQuary v. Bel Air Convalescent Home, Inc.,* 69 Or.App. 107, 684 P.2d 21, 24 (1984) review den. 298 Or. 37, 688 P.2d 845 (1984); *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981); *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980); *Harless v. First Nat'l Bank,* 162 W.Va. 116, 246 S.E.2d 270 (1978).

■ This court follows *McQuary v. Bel Air Convalescent Home, Inc.,* 69 Or.App. 107, 684 P.2d 21, 24 (1984) in holding an "employee is protected from discharge of a good faith reporting of what the employee believes to be patient mistreatment to an appropriate authority." In *McQuary,* a nursing home employee alleged she was fired because she had threatened to report an instance of abuse on one of the nursing home patients. The court held the plaintiff stated a submissible case of wrongful discharge, and that she only needed to prove she had a good faith belief the abuse had occurred applying the public policy doctrine. *See also Watassek v. Michigan Dept. of Mental Health,* 143 Mich.App. 556, 372 N.W.2d 617, 621 (1985) (The court held it was contrary to public policy to discharge an employee in retaliation for reporting abuses in a mental health facility). This court, in following *Boyle* and other jurisdictions which recognize that where an at-will employee is discharged because they refused to violate the law, or "violating any well established and clear mandate of public policy," or reports to his superiors or public authorities "serious misconduct that constitutes violations of the law and of such well established and clearly mandated public policy, the employee has a cause of action in tort

for damages for wrongful discharge." *Boyle,* 700 S.W.2d at 878.

This court recognizes Clark had an appropriate cause of action under the public policy exception to submit to the jury.

### *Jury Instructions*

■ The verdict-directing instruction used was a not-in-M.A.I. instruction. When using a not-in-M.A.I. instruction, the instruction used must follow the substantive law and be understandable. *Shelter Mutual Ins. Co. v. Briggs,* 799 S.W.2d 846, 851 (Mo.App. 1990); *Ryan v. Parker,* 812 S.W.2d 190, 193 (Mo.App.1991). Additionally, any error in the not-in-M.A.I. instruction must be prejudicial and the merits of the action must be "materially affected" to be grounds for reversal on appeal. *Delaporte v. Robey Bldg. Supply Inc.,* 812 S.W.2d 526, 531 (Mo.App. 1991). In the present action, this court holds it was erroneous to include the third paragraph requiring proof of damages, in light of the fact Clark could have received nominal damages had they been requested; however, the merits of the action were not materially affected, thus the instructional error was harmless.

Had the verdict-director read as Clark requested, without modification of the general damage instruction (4.01), she still may not have received a verdict in her favor. Instruction 4.01 mandates the jury to award any actual damages Clark suffered as a result of the wrongful discharge. The evidence of damage was small and the jury could have found none, thus ending the case. Clark should have included some instructional language regarding nominal damages which would have allowed, if the jury had found she had been wrongfully terminated, award both nominal and then punitive damages.

The following language, or similar language, should have been present at the end of the damage instruction, "if you find in favor of plaintiff, but do not believe plaintiff sustained compensatory damages, you must award plaintiff nominal damages in the amount of one dollar." *See Simpkins v. Ryder Freight System, Inc.,* 855 S.W.2d 416, 423 (Mo.App.1993); Committee Comment to M.A.I. 4th ed. 23.01, Service Letter Verdict

Director (1990 Revision). Without such language, the use of 4.01 leads to the same result reached at trial—a finding of no damages, or in the alternative, it provides a roving commission regarding damages since the jury is left without instruction regarding nominal damages.

■■■ Nominal damages are damages awarded as recognition of a breach of duty owed to plaintiff and not as a measure of compensation for loss or detriment suffered. *Simpkins*, 855 S.W.2d at 422. They are allowed where a legal right has been invaded but no actual damages were suffered or proved, *McClellan v. Highland Sales and Invest. Co.*, 484 S.W.2d 239, 241 (Mo.1972); *Simpkins*, 855 S.W.2d at 422, or when there is no evidence from which the value of the damages may be ascertained. *See Seelig v. Missouri K. & T. Ry. Co.*, 230 S.W. 95, 102 (Mo.1921). Nominal damages are not a specie of actual damages, and "are neither fungible or admixable." *Simpkins*, 855 S.W.2d at 423. It is the absence of actual damages that renders the defendant's wrong liable for nominal damages. *Id.* In certain actions, as in trespass where nominal damages are permitted, the law presumes that damages resulted from the wrong. *Id.* Nominal damages are significant because such a judgement determines the right to receive costs, as well as an award of punitive damages. *Id.*

Had Clark been able to prove she was terminated in violation of § 198.070, she would have been entitled to nominal damages since the defendant's actions would have constituted a "legal wrong." *See Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 874 (Mo.App. 1985) (citing *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 52 Ill.Dec. 13, 15, 421 N.E.2d 876, 878 (1981). This court, however, cannot reverse on this point since the record indicates Clark never requested any instruction to the jury regarding nominal damage. Instead, she relied on proof of actual damages. While this court recognizes Clark had a cause of action regarding a violation of a "legal right," it cannot rewrite her petition or jury instructions for her to include the element of nominal damages; thus, any error regarding the use of instruction No. 5, as it was written, was harmless. The decision of the trial court is affirmed.