William J. KOMAN, Sr.,
Plaintiff/Appellant,

v.

Donald G. SOFFER, E. Stanley Kroenke, Michael H. Staenberg, and The Belleville Development, L.P., Defendants/Respondents.

### No. 70937.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1997.

Rehearing Denied July 29, 1997.

Joseph F. Devereux, Jr., Devereux, Murphy, Striler & Brickley, L.L.C., St. Louis, for plaintiff/appellant.

Roger K. Heidenreich, Teresa Dale Pupillo, St. Louis, for defendants/respondents.

GRIMM, Judge.

In this real estate transaction, defendant Donald G. Soffer sold a retail shopping center to the other defendants, E. Stanley Kroenke, Michael H. Staenberg and THF Belleville Development (collectively hereafter THF). Plaintiff William J. Koman claimed, inter alia, that Soffer breached an option agreement when he sold the property to THF instead of to him. He also claimed that THF tortiously interfered with his rights under the option agreement. The trial court granted summary judgment in favor of both Soffer and THF.

Plaintiff raises two points on appeal. First, he contends that the trial court abused its discretion in failing to grant his motion for leave to file a first amended petition. Second, he alleges the trial court erred in granting summary judgment in favor of both defendants. We affirm.

## I. Background

Plaintiff and Soffer were partners in the development of real estate for many years. In 1990, they dissolved their partnership. As a part of the dissolution, they entered into an option agreement on October 16, 1990. The agreement granted plaintiff the right to purchase a Belleville, Illinois retail shopping center for $3.7 million. Under the terms of the agreement, plaintiff had 90 days, following the "final conclusion" of a lawsuit which pertained to the property, to exercise this option.

The agreement stated that "[i]f this option is not exercised within the Exercise Period, this option shall be null and void and of no force and effect." The agreement also stated that "the Option here granted and the Memorandum (by its terms) shall be deemed void: (i) if a copy of the notice exercising the Option here granted is not placed of record with said Recorder prior to expiration of the Exercise Period...." The litigation was finally concluded on October 2, 1991.

On February 18, 1993, plaintiff notified Soffer by letter of his intention to exercise the option. However, plaintiff never recorded his notice to exercise the option.

On February 24, 1993, Soffer entered into a Purchase and Sale Agreement with THF. The contract stated that "the property shall be conveyed subject to ... any and all rights of [plaintiff], granted or which he may have, under a certain Option Agreement...." The sale to THF closed on March 5, 1993; the price was $3.2 million.

In May 1993, plaintiff filed suit against defendants. In two counts, he alleged breach of contract and fraud against Soffer. In one count, he alleged tortious interference with a contract against THF. In the final count, he alleged intentional harm to property interest against all defendants.

In 1994, all defendants filed summary judgment motions, which the trial court granted. Plaintiff appealed. This court reversed and remanded because the motions failed to comply with Rule 74.04(c)(1). *Koman v. Kroenke,* 913 S.W.2d 108, 111 (Mo. App. E.D.1995).

On March 18, 1996, Soffer and THF each filed new summary judgment motions. At a March 27 scheduling conference, the trial court granted plaintiff until April 22 to file his response to the motions. The motions were set for April 24.

On April 19, plaintiff filed a motion requesting until April 26 to file his response. On April 26, plaintiff did not file his response. Rather, he filed a motion for leave to file first amended petition. In addition, he filed a request for extension of time to respond to the summary judgment motions. In that motion, he asked for an extension until ten days after the trial court ruled on his motion to file his amended petition.

Plaintiff never called up either his motion for extension of time or his motion for leave to file a first amended petition. Nor did he ever file a response to the summary judgment motions. On June 21, 1996, the trial court granted both summary judgment motions.

### II. Motion to File Amended Petition

■ For his first point, plaintiff alleges the trial court erred in failing to grant his motion for leave to file an amended pleading. He contends the "failure was clearly against the weight of the 'Logic of the Circumstances,' was arbitrary and unreasonable and indicated a lack of careful consideration."

The record does not disclose that plaintiff ever called up his motion or asked the trial court to rule on it. By failing to proceed with the motions, plaintiff abandoned them. *Rice v. James,* 844 S.W.2d 64, 65 (Mo.App. E.D.1992). Point denied.

### III. Summary Judgment

For his second point, plaintiff alleges the trial court erred in granting the summary judgments. He contends the "trial court failed to recognize the existence of several material questions of fact."

Both summary judgment motions met the requirements of Rule 74.04. Thus, under that rule, plaintiff was required to file a response, admitting or denying the factual statements, and set out any additional material facts that remain in dispute. In addition,

he was required to support each factual statement with specific references. Rule 74.04(c)(2). Plaintiff did not file a response to either summary judgment motion.

■ In the absence of a response, facts set forth in support of the summary judgment motions are taken as true. *Kennedy v. Fournie,* 898 S.W.2d 672, 678 (Mo.App. E.D. 1995). Thus, plaintiff's failure to respond admitted all facts. As a result, no questions of fact existed.

■ Nevertheless, plaintiff contends that questions of fact exist. To support this contention, he refers to matters that were raised in response to the first summary judgment motions. That response, however, is immaterial.

The response which Rule 74.04(c)(2) requires is to the current summary judgment motion. The rule says that the "response shall admit or deny each of movant's factual statements in numbered paragraphs *that correspond to movant's numbered paragraphs." Id.* (emphasis added). This response is due within thirty days after a motion for summary judgment is served. Thus, the plain reading of the rule is that the response is to the motion served within the last thirty days, not a response to some earlier motion.

Soffer and THF were entitled to judgment. Soffer did not breach the agreement, nor did THF interfere with plaintiff's rights under the agreement. The shopping center property was sold to THF "subject to" plaintiff's rights. Point denied.

The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, JJ., concur.