Janice WILLIAMS, Plaintiff–Appellant,

v.

K. George THOMAS, M.D., d/b/a Thomas Medical Clinic, Defendant–Respondent.

No. 21515.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 20, 1998.

Craig R. Heidemann, Douglas, Lynch, Haun & Kirksey, P.C., Bolivar, for Plaintiff–Appellant.

Frank M. Evans III, Daniel R. Wichmer, Miller & Sanford, P.C., Springfield, for Defendant–Respondent.

PARRISH, Judge.

Janice Williams (plaintiff) appeals a summary judgment in favor of K. George Thomas, M.D. (defendant). Plaintiff was an employee of defendant. She was discharged. Plaintiff sought recovery contending her discharge was wrongful; that it was in retaliation for reports she made of alleged wrongful conduct by defendant. She claims her employment, under these facts, was protected by the public policy exception to the employment-at-will doctrine that would otherwise have permitted defendant to discharge her at any time.[1] This court affirms.

From July 1994 through September 15, 1995, defendant employed plaintiff as a lab technician and medical assistant. During that time, Sue Thompson, Maria Cutter and Kimberly Whittle were the only other employees of defendant. Defendant discharged plaintiff from her employment September 15, 1995.

Plaintiff alleges that she was wrongfully discharged. In her petition she states she observed certain acts that she believed were

---

1. *Olinger v. General Heating & Cooling Co.*, 896 S.W.2d 43, 46–47 (Mo.App.1994), discusses Missouri's employment-at-will doctrine and its "pub-lic policy exception." *See also Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 871 (Mo.App. 1985).

Medicare and Medicaid fraud. The petition alleges that plaintiff reported the matters to federal agencies;[2] that as a result, defendant terminated her employment.

Following discovery, defendant filed the motion for summary judgment that produced this appeal. Defendant's motion for summary judgment included allegations of material facts, set forth with particularity in separately numbered paragraphs as required by Rule 74.04(c), about which he contended there were no genuine issues. The motion included specific references to pleadings, discovery and affidavits on which it relied. It met the requirements of Rule 74.04(c)(1).[3]

The allegations in defendant's motion for summary judgment included:

. . .

8. [Defendant] did not have knowledge of plaintiff's intent to report him nor did he have knowledge of any report being made by plaintiff prior to plaintiff's discharge. (Exhibit C [defendant's affidavit], ¶ 5, 6).

9. The only other employees of [defendant] at the time plaintiff was employed by [defendant] were Sue Thompson, Maria Cutter and Kimberly Whittle. (Exhibit C, ¶ 4).

. . .

12. Plaintiff never told Sue Thompson about her decision to call authorities and report [defendant's] acts. (Exhibit B [deposition of plaintiff], p. 80, lines 17–18).

13. Sue Thompson first heard of any allegation that plaintiff had reported or would report [defendant] for Medicaid or Medicare fraud when [defendant] received the lawsuit in the mail. (Deposition of Sue Thompson attached [to motion for summary judgment] and incorporated . . . as Exhibit "D", p. 25, lines 1–4).

. . .

15. Sue Thompson does not recall plaintiff discussing, in her presence, reporting [defendant] for Medicare or Medicaid fraud. (Exhibit D, p. 26, line 25; p. 27, lines 1–3).

16. Sue Thompson does not recall ever being present when the subject of turning [defendant] in for Medicaid or Medicare fraud was discussed. (Exhibit D. p. 27, lines 19–22).

17. Sue Thompson never told plaintiff that she had talked to [defendant] about plaintiff's comments. (Exhibit B, p. 80, lines 3–5).

18. Maria Cutter, one of [defendant's] employees, never told [defendant] that plaintiff intended to make any report of any sort. (Deposition of Maria Cutter attached [to motion for summary judgment] and incorporated . . . as Exhibit "E", p.30, lines 23–25; p. 31, line 1).

19. Maria Cutter has no knowledge of anyone else having told [defendant] that plaintiff intended to make any report of any sort. (Exhibit E, p. 31, lines 2–5).

20. Maria Cutter never told [defendant] that a report had been made by plaintiff. (Exhibit E, p. 31, lines 6–8).

21. Maria Cutter has no knowledge of anyone, at anytime, having told [defendant] that a report had been made by plaintiff. (Exhibit E, p. 31, lines 9–12).

22. Kimberly Whittle, another employee of [defendant], did not tell [defendant] that plaintiff was going to call the Board of Healing Arts. (Deposition of Kimberly Whittle attached [to motion for summary judgment] and incorporated . . . as Exhibit "F", p. 35, lines 17–20; p. 36, lines 10–12).

23. Kimberly Whittle did not tell [defendant] that any phone call, reporting [defendant], was actually made. (Exhibit F, p. 36, lines 13–15).

---

2. Plaintiff testified in her deposition that she called "Medicaid and . . . the Board of Healing Arts."

3. Rule 74.04(c)(1) requires, "Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. . . ."

24. Kimberly Whittle never conveyed any of the information regarding the reporting of [defendant] to Sue Thompson. (Exhibit F, p. 36, lines 16–18).

25. Kimberly Whittle has no knowledge of anyone having told [defendant] that plaintiff intended to make any sort of report to anyone (Exhibit F, p. 36, lines 19–22), or that plaintiff had indeed made such a report. (Exhibit F, p. 36, lines 23–25; p. 37, line 1).

. . .

Rule 74.04(c)(2) establishes the procedure to be followed by an adverse party after a motion for summary judgment is filed. It states:

Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties, and, if the adverse party is relying on affidavits, the response shall have attached thereto affidavits not previously filed. *The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits.* . . . [Emphasis added.]

■ Plaintiff timely filed a response to defendant's motion for summary judgment. The response, however, failed to address the factual statements set out in the numbered paragraphs of defendant's motion. Failure to respond to the factual allegations in defendant's motion for summary judgment is an admission of those facts. *Koman v. Soffer*, 948 S.W.2d 706, 708 (Mo.App.1997). This is the posture in which this court reviews the issues plaintiff presents on appeal.

Plaintiff's first allegation of trial court error asserts that summary judgment should not have been granted because "there exist material questions of fact as to whether [defendant] knew that [plaintiff] had reported his acts of Medicare/Medicaid fraud to public authorities where, as a matter of law, [defen-

dant's] mere denial of knowing of [plaintiff's] report is insufficient to support summary judgment for [defendant] because a Plaintiff in a 'whistleblower' wrongful discharge case is permitted to prove her case-in-chief via circumstantial evidence."

■ Point I does not comply with Rule 84.04(d). "A point relied on must meet three requirements; (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; (3) it must state what was before the trial court that supports the ruling appellant contends should have been made." *Thomas v. Smithson*, 886 S.W.2d 951, 952 (Mo.App.1994). Point I does not state what was before the trial court that supported the ruling plaintiff contends should have been made. It does not state "wherein" the ruling was erroneous. *See* Rule 84.04(d).

Points on appeal that fail to comply with Rule 84.04(d) present nothing for review. *In Interest of J.L.C.*, 844 S.W.2d 123, 126 (Mo.App.1992). Nevertheless, this court may look to the argument portions of the briefs in order to determine "whether there has been plain error affecting substantial rights which, though not properly preserved, may have resulted in a manifest injustice or a miscarriage of justice." *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988); Rule 84.13(c).

*In Interest of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App.1994).

Plaintiff's brief makes the argument:

[Plaintiff's] retaliatory discharge cause of action against [defendant] necessarily rests upon circumstantial evidence. [Defendant] denies that he fired [plaintiff] because she reported him to the Missouri Board of Healing Arts for Medicare/Medicaid fraud. No one denies that [plaintiff] reported [defendant] to the Missouri Board of Healing arts [sic] for Medicare/Medicaid fraud during the term of her employment. The testimony of Ms. Cutter and Ms. Whittle substantiate this fact. They were present when [plaintiff] called the Board from [defendant's] own office. Rather, [defendant] merely contends that

before he fired her, he had no idea that [plaintiff] called the Board to report his illegal activities.[4] Furthermore, [defendant] contends that his office manager, Sue Thompson, never told him of [plaintiff's] intention to turn him in for Medicare/Medicaid fraud despite the fact that [plaintiff] made her intentions known to Ms. Thompson. [References to legal file omitted.]

▮ Plaintiff's cause of action is founded on the public policy exception to Missouri's employment-at-will doctrine.

The employment-at-will doctrine provides that an employer can discharge an at-will employee at any time for cause or without cause. *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d [859] at 870–71 [ (Mo.App. 1985) ]. The public policy exception to the at-will employment doctrine "provides that an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy has a cause of action against the employer for wrongful discharge." *Id.* at 871. This narrow exception protects employees who do not have bargaining power to command employment contracts but are "entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers." *Clark v. Beverly Enterprises–Missouri, Inc.,* 872 S.W.2d 522, 525 (Mo.App.1994) (quoting *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385, 388 (1980)). [Footnotes omitted.]

*Olinger v. General Heating & Cooling Co.,* 896 S.W.2d 43, 46–47 (Mo.App.1994).

*Clark v. Beverly Enterprises–Missouri, supra,* summarized four categories of cases in which Missouri has recognized the public policy exception to the employment-at-will doctrine; circumstances in which a discharged at-will employee has an action for wrongful discharge. *Clark* described the four categories of public policy exception cases:

[T]he first one is the discharge of an employee because of his or her refusal to perform an illegal act; the second category involves employees who report violation of law or public policy by their employers or fellow employees; the third type of cases are those that sound public policy would encourage; i.e., acceptance of jury duty position, seeking public office, asserting rights to collective bargaining or joining a labor union; and finally, those cases where the employee was discharged for filing a worker's compensation claim.

872 S.W.2d at 525.

▮ Plaintiff bases her action for wrongful discharge on the second category of public policy exception cases; those involving "employees who report violation of law or public policy by their employers...." Plaintiff argues that the logical inference to be derived from the evidence disclosed to the trial court was that "[defendant] knew that [plaintiff] reported his illegal acts to her supervisor"; that the supervisor, Ms. Thompson, "talked to the doctor." Plaintiff argues that these circumstances, together with the fact that she did report defendant to the Missouri Board of Healing Arts, constituted a material issue of fact; that the trial court, therefore, erred in granting summary judgment for defendant.

Plaintiff's argument fails. The unrefuted evidence before the trial court was that defendant had no knowledge of plaintiff's alleged reports to any authority at the time he discharged plaintiff. Defendant presented evidence that plaintiff had not informed him that she reported acts she contended were illegal and that none of her co-employees reported that she had threatened to make or had made such reports.

4. The statement that defendant's acts were "illegal" is plaintiff's characterization. Action taken as a result of plaintiff's report, if any, is not an issue in this appeal. The result of any inquiry that resulted from that report is not a part of the record before this court. Nevertheless, in view of plaintiff having characterized defendant's conduct as being "illegal," it is appropriate to note the exception defendant took to that characterization. The brief defendant filed in this court includes a footnote, "It should also be noted that an investigation was conducted by the Missouri Board of Healing Arts regarding alleged complaints made by [plaintiff] and the Board of Healing Arts determined that there were no violations committed by [defendant]."

■■■ Defendant, as the party who moved for summary judgment, had the burden of showing he was entitled to judgment based on facts about which there was no genuine dispute; that there were no "genuine issues of material fact" that would entitle plaintiff to the relief she sought. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 378 (Mo. banc 1993). A genuine issue of material fact or dispute must be real and substantial, not merely one of conjecture, theory and possibilities. *Id.*

Defendant met this burden. He produced his own affidavit stating he had no knowledge of plaintiff's alleged reports to authorities when he terminated her employment. He produced deposition testimony from all of plaintiff's co-employees that unequivocally stated they never informed defendant of plaintiff's expressed intentions to make adverse reports concerning him or of any acts by her making such reports.

The record on appeal shows no plain error affecting substantial rights. It does not demonstrate a manifest injustice or miscarriage of justice. Point I is denied.

Point II asserts that summary judgment should not have been granted because "a genuine question of material fact exists as to whether [plaintiff] reported [defendant's] illegal conduct to her supervisor Sue Thompson where, as a matter of law, Sue Thompson's mere denial of [plaintiff's] report is insufficient to support summary judgment for [defendant] because a Plaintiff in a 'whistleblower' wrongful discharge case is permitted to prove her case-in-chief via circumstantial evidence."

Point II does not comply with Rule 84.04(d) for the same reason Point I does not comply. It does not state what was before the trial court that would support plaintiff's claim that her supervisor told defendant that plaintiff had reported alleged illegal conduct to regulatory authorities. Point II does not state "wherein" the trial court's ruling was erroneous. *See* Rule 84.04(d).

As with respect to Point I, this court has reviewed the argument directed to Point II to determine if plain error affecting substantial rights occurred so that manifest injustice or a miscarriage of justice occurred. There was no plain error.

The record on appeal was reviewed in the light most favorable to plaintiff with plaintiff being afforded the benefit of all reasonable inferences from the record. *See Shelter Mut. Ins. Co. v. DeShazo*, 955 S.W.2d 234, 237 (Mo.App.1997). That review revealed that defendant, in considerable detail, by reference to deposition testimony from all of plaintiff's co-employees and specific declarations in the affidavit of defendant, presented uncontradicted evidence that defendant had no knowledge of plaintiff's actions in reporting alleged illegal conduct by him. Without knowledge of any report, defendant could not have discharged plaintiff because she reported his alleged conduct to regulatory agencies. The judgment is affirmed.

SHRUM and BARNEY, JJ., concur.