**Kenneth HAYES, Plaintiff-Respondent,**

v.

**George DUNN, Jr., Defendant-Appellant.**

No. 50206.

Missouri Court of Appeals,
Eastern District,
Division One.

May 6, 1986.

Coggan R. Mills, Clayton, for defendant-appellant.

Alan E. Dewoskin, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment against him based upon a jury verdict awarding plaintiff $2500 actual damages and $2500 punitive damages on plaintiff's action for intentional infliction of emotional distress.

The parties are next door neighbors and have been for thirteen years. Defendant, unhappy with the number and kind of motor vehicles frequently on or at plaintiff's residence, embarked on a campaign to subject plaintiff to continuous scrutiny by the community police. This conduct included frequent calls to the police department reporting claimed violations of parking and towing ordinances. Defendant also took frequent photographs of plaintiff's premises and vehicles, plaintiff's family's premises and vehicles, plaintiff's visitors and their vehicles, and plaintiff's employer's premises and vehicles. He also followed plaintiff and members of his family while they were driving from place to place and recorded his observations in a diary.

■ Defendant challenges the sufficiency of the evidence to make a submissible case of intentional infliction of emotional distress. In this state that tort requires proof that (1) defendant's conduct was extreme and outrageous, (2) defendant acted in an intentional or reckless manner, and (3) such conduct resulted in severe emotional distress. *Pretsky v. Southwestern Bell Telephone Co.*, 396 S.W.2d 566 (Mo.1965); *Young v. Stensrude*, 664 S.W.2d 263 (Mo. App.1984) [3-6]; *Rooney v. National Super Markets Inc.*, 668 S.W.2d 649 (Mo.App. 1984) [1]. Defendant challenges the sufficiency of the evidence as to each of the three elements. We need deal only with the third element.

■ The evidence of plaintiff's emotional distress was his testimony as follows:

"Well, you know, you feel like you want to vomit sometimes, and you want to try to sleep at night, you can't sleep.

You can't do nothing really. You can't rest. It's hard to work. You come home from work, your wife is all upset, and it causes trouble with me and her, you know, and then we'd get onto our kids harder than we normally would, just terrible."

Plaintiff stated he never did vomit, but did feel nauseous. He stated he was nervous and had headaches and bellyaches. The duration of these conditions was not established. He did not see a doctor because, he said, of lack of money. There was no medical evidence offered.

In *Rooney v. National Super Markets, supra,* loss of sleep and nausea were held not of sufficient degree to fit the "severe emotional distress" required. In that case we applied to the "emotional distress" tort, the test set forth in *Bass v. Nooney Company,* 646 S.W.2d 765 (Mo. banc 1983) [4] which requires a stress medically diagnosable and of sufficient severity to be medically significant. The evidence does not demonstrate either of those situations. The requisite level of distress is not established by the record.

Judgment reversed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.