Roy HENDRIX, Appellant,

v.

**WAINWRIGHT INDUSTRIES,**
Respondent.

No. 53907.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

James C. Ochs, St. Louis, for appellant.

James Michael Wasserman, Gregory Howard Wolk, St. Louis, for respondent.

CRIST, Presiding Judge.

Employee filed suit after being terminated from his job with Wainwright Industries (employer) on June 26, 1985, ostensibly for failure to work mandatory overtime. On appeal employee describes his amended pe-

tition as pleading: Count I, negligence; Count II, intentional infliction of emotional distress; Count III, civil conspiracy; and Count IV, failure to supply a proper service letter. The trial court granted employer summary judgment on all four counts. Employee appeals the judgment in Counts II, III and IV. We affirm.

Summary judgment was granted as to the first three counts of employee's petition on March 10, 1987, in an order that did not detail the reasons for the court's ruling. The September 11, 1987 order granting employer's motion for summary judgment as to the final count of the petition is represented only by a docket entry. In reviewing a summary judgment we view the evidence in the light most favorable to the party against whom the judgment was entered. *State Highway Comm'n of Mo. v. Keeley*, 715 S.W.2d 338, 339–40[2] (Mo.App. 1986); *Halford v. American Preferred Ins.*, 698 S.W.2d 40, 42[4] (Mo.App.1985). However, if the judgment, as a matter of law, is sustainable on any theory it must be affirmed. *City of Wright City v. Cencom of Eastern Mo., Inc.*, 699 S.W.2d 41, 42[1] (Mo.App.1985); *Conroy v. City of Ballwin*, 723 S.W.2d 476, 477 (Mo.App.1986).

In Count II of his petition employee alleged: he suffered a hearing loss while working for employer; he "filed complaints with his employer ... upon his discovery of [the] hearing loss"; employer "failed to adequately respond to [the] complaints"; he then "filed a complaint with the U.S. Department of Labor Occupational Safety and Health Administration"; because of this complaint he "was continuously harassed and threatened with termination of his employment"; employer's conduct was intentional and reckless; his employment was in fact terminated; and, employer's conduct "has subjected [employee] to great indignities, humiliation and disgrace and severe emotional distress."

■ The elements of the tort of intentional infliction of emotional distress are: "(1) defendant's conduct was extreme and outrageous, (2) defendant acted in an intentional or reckless manner, and (3) such conduct resulted in severe emotional dis-

tress." *Hayes v. Dunn*, 709 S.W.2d 164[1] (Mo.App.1986). For the third element it is necessary to plead "the [emotional] distress is medically diagnosable and medically significant." *Bennett v. Mallinckrodt, Inc.*, 698 S.W.2d 854, 867[21] (Mo.App.1985); *see also Beasley v. Affiliated Hosp. Products*, 713 S.W.2d 557, 561[6] (Mo.App.1986). Employee, in his petition, pled only that employer "subjected [employee] to great indignities, humiliation and disgrace and severe emotional distress." He failed to plead that the emotional distress was medically diagnosable or significant, thus, employee failed to state a cause of action for the intentional infliction of emotional distress.

■ Even if we were to construe employee's petition as pleading medically diagnosable and significant distress, the summary judgment must be sustained because the conduct pled by employee did not reach the level of extreme and outrageous. As a threshold it is first for "the court ... to determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim 'outrageous!'" *Viehweg v. Vic Tanny Int'l of Mo., Inc.*, 732 S.W.2d 212, 213[1] (Mo.App. 1987); *Frye v. CBS Inc.*, 671 S.W.2d 316, 319[2] (Mo.App.1984). The harassment of an employee for filing a complaint with the Occupational Safety and Health Administration (OSHA) is not only undesirable it is illegal, 29 U.S.C. § 660(c) (1986); however, it is not so outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Pretsky v. Southwestern Bell Telephone Co.*, 396 S.W.2d 566, 569 (Mo.1965). See *Gibson v. Hummel*, 688 S.W.2d 4, 7–8[3] (Mo.App. 1985), for a review of the cases dealing with this tort, and for a panoply of fact situations which do not represent extreme and outrageous conduct.

■ In Count III of his amended petition employee alleged: he filed a complaint with OSHA about the "excessive noise level" at employer's place of business; "[a]s a result of said complaint, [employee] was harassed and ultimately terminated"; employer

"through its agents ... conspired to terminate [employee] ... because of his involvement and filing of a [OSHA] complaint"; and the agreement or conspiracy to end his employment was "in direct violation of 29 U.S.C. Section 660(c)."

29 U.S.C. § 660(c)(1) provides in part:

No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter....

In the event of a suspected violation of § 660(c)(1):

Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. 29 U.S.C. § 660(c)(2).

Any remedy for a retaliatory discharge must come from within the agency. There is no private cause of action for a violation of the Occupational Safety and Health Act. *Taylor v. Brighton Corp.*, 616 F.2d 256, 264[1] (6th Cir.1980). Employee's Count III, which alleges an agreement to violate 29 U.S.C. § 660(c), does not present a claim for which he was entitled to relief and thus the summary judgment was appropriate.

In Count IV of his amended petition, in which he alleges employer "failed and refused to supply [employee] with a true service letter in violation of Section 290.140 R.S.Mo," employee seeks to recover both actual and punitive damages.

■ Section 290.140 specifically provides "no award of punitive damages under this section shall be based upon the content of any such [service] letter." § 290.140.2, RSMo 1986; *see also Vaughn v. Taft Broadcasting Co.*, 708 S.W.2d 656, 660–61[1–3] (Mo. banc 1986) (not only does § 290.140 prohibit punitive damages for a suit based on the content of a service letter but the amendment is retroactive). Since employee is challenging the substance of the service letter, any claim for punitive damages is barred as a matter of law.

■ An employer that provides a service letter which violates § 290.140 "shall be liable for compensatory but not punitive damages...." § 290.140.2, RSMo 1986. The elements of a case for substantial actual damages are:

(1) that on or about an approximate date the plaintiff was either refused employment or hindered in obtaining such employment, (2) *that the refusal or hindrance was caused by the absence or inadequacy of the service letter*, (3) that the position the plaintiff had difficulty obtaining was actually open, and (4) the salary rate of the position. *Kling v. Professional Care Center, Inc.*, 735 S.W. 2d 168, 169 (Mo.App.1987).

Employee pled that he had "been denied specific job opportunities, job function and employment ..." because of the service letter; his pleadings did not specify when his employment opportunities were hindered or that any job he applied for was actually available. More importantly, his answers to interrogatories propounded by employer show conclusively that any inadequacy in the service letter was not the cause of employee not obtaining employment. Specifically to the question, "Have you exhibited the [service letter] to any prospective employer?" employee answered, "No, none that I can remember." And, to the question, "Have you declined to exhibit [the service letter] to any prospective employer? If your answer is in the affirmative, please state: (a) the names and address of each such prospective employer ..." he replied "No. (a) None ask to see it." If no employer asked to see the service letter, and none in fact saw it, the service letter could not have been the cause of employee's inability to find employment. *Kling*, 735 S.W.2d at 169[3]. In light of

employee's petition and his interrogatory answers the summary judgment in Count IV must be sustained on the ground that employee did not sustain compensable damages. *See Stiffelman v. Abrams,* 655 S.W. 2d 522, 531[14] (Mo. banc 1983) ("[a]ctual damages are compensatory and are measured by the loss or injury sustained").

Judgment affirmed.

DOWD and REINHARD, JJ., concur.