**Sandra SHAWCROSS and Gaye Bailey, Plaintiffs/Appellants,**

v.

**PYRO PRODUCTS, INC., Defendant/Respondent.**

No. 67859.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 26, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1996.

Application to Transfer Denied March 26, 1996.

C. Finn Sheehan, High Ridge, for appellant.

Timothy R. Anderson, Clooney & Anderson, St. Louis, for respondent.

AHRENS, Presiding Judge.

Plaintiffs appeal the circuit court's dismissal of their petition for wrongful discharge against their employer under Missouri's public policy exception to the employment at-will doctrine for failure to state a claim upon which relief can be granted. Plaintiffs alleged defendant violated public policy by firing them in retaliation for filing complaints regarding the safety problems in defendant's factory. We reverse and remand.

In reviewing a trial court's dismissal of an action, "we accept as true the facts properly pleaded, giving the averments a liberal construction and making those reasonable inferences fairly deducible from the facts stated." *Petersimes v. Crane Co.*, 835 S.W.2d 514, 515 (Mo.App.1992). Viewing the pleadings in this light, we determine if the pleader has demonstrated any basis for relief. *Luethans v. Washington University*, 838 S.W.2d 117, 119 (Mo.App.1992).

Plaintiffs, in their petition, alleged the following facts: Plaintiffs, Sandra Shawcross and Gaye Bailey were employed by defendant Pyro Products, Inc., in its fireworks production factory in Jefferson County, Missouri. Plaintiffs concede they were employees at-will. On numerous occasions prior to March 23, 1994, they complained to defendant that working conditions in defendant's plant were unsafe. Plaintiffs also contacted the United States Department of Labor to determine if any of the conditions at defendant's plant violated the Occupational Safety and Health Act ("OSHA"). On March 23, 1994, plaintiffs met with Ronald Walker, an officer of defendant, discussed their concerns regarding safety in the plant, and informed Mr. Walker that they had contacted the Department of Labor. On March 24, 1994, defendant discharged plaintiffs as a direct result of their contacting the Department of Labor.

Generally, an employer may discharge an at-will employee, with or without cause, and not be subject to wrongful discharge liability. *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo.1985). However, this court, while recognizing that employers may terminate employees at-will "for no reason, or for an arbitrary or irrational reason," has specifically determined that there is no right to discharge an employee for an unlawful reason or purpose which goes against public policy, and has recognized the public policy exception to employment at-will. *Petersimes*, 835 S.W.2d at 516.

When the discharge of an at-will employee violates a clear mandate of public policy, this court has determined that the employee has a wrongful discharge claim. *Id.* The courts of this state have recognized four categories of cases under the public policy exception: (1) discharge of an employee because of his or her refusal to perform an illegal act; (2) discharge because an employee reported violations of law or public policy to superiors or public authorities; (3) discharge because an employee participated in acts that public policy would encourage, such as jury duty, seeking public office, asserting a right to collective bargaining, or joining a union; and (4) discharge because an employee filed a worker's compensation claim. *Lynch v. Blanke Baer and Bowey Krimko, Inc.*, 901 S.W.2d 147, 150 (Mo.App.1995).

The courts of this state have limited the public policy exception to apply only to those cases when the discharge of an employee violates a constitutional provision, a statute, or a regulation based on a statute. See *Luethans*, 838 S.W.2d at 120.

Plaintiffs' petition asserts a wrongful discharge action under Missouri's public policy exception to the employment at-will doc-

trine. Plaintiffs alleged in their petition that their discharge by defendant violated OSHA because that section protects employees reporting to the Department of Labor from retaliatory discharge. 29 U.S.C. § 660(c)(1) (1985). OSHA prohibits employers from discharging or discriminating in any way against an employee because that employee has filed a complaint, instituted an action, or otherwise exercised any right available under OSHA. *Id.*

Plaintiffs further alleged that because the purpose of OSHA is to assure workers "safe and healthy working conditions" and because OSHA prohibits employers from discharging employees for exercising their rights under OSHA, defendant's discharge of plaintiffs was a violation of public policy. Plaintiffs alleged they were employed by defendant at-will. They alleged that OSHA promotes public policy by ensuring safe working conditions. Finally, they alleged defendant violated public policy when it fired plaintiffs for reporting to the Department of Labor. We believe plaintiffs have alleged facts sufficient to state a claim for wrongful discharge under Missouri's public policy exception.

Defendant argues that the public policy exception does not apply to cases such as this one where the statute, which is the basis for the public policy exception, provides its own remedy. OSHA permits an employee to file a complaint with the Secretary of Labor within thirty days after the discrimination or discharge has occurred. 29 U.S.C. § 660(c)(2) (1985). The Secretary has sole discretion in deciding whether to bring an action in federal court regarding the employee's rights. *Id.* Should the Secretary choose to do so, the statute allows for reinstatement of the employee to the employee's former position with back pay. *Id.* The statute provides no means of appeal for an employee whose complaint is not acted upon by the Secretary. *Id.* Defendant contends the remedy provided by the statute is the exclusive remedy available to employees in those situations.

■ Defendant bases its argument on this court's decision in *Hendrix v. Wainwright Industries*, 755 S.W.2d 411 (Mo.App.1988). The employee in *Hendrix* did not allege the

employer's actions violated Missouri's public policy, as plaintiffs have in the instant case. *Id.* at 412–413. The petition in *Hendrix* asserted only a conspiracy to violate OSHA. However, defendant points to the general statement of law in *Hendrix:*

> Any remedy for retaliatory discharge must come from within the agency. There is no private cause of action for violation of the Occupational Safety and Health Act.

*Id.* at 413. This pronouncement of the law was taken from *Taylor v. Brighton Corp.*, 616 F.2d 256, 264 (6th Cir.1980). Since *Taylor*, the Eighth Circuit has examined the same issue and determined that OSHA does not bar a state wrongful discharge claim. *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 475 (8th Cir.1990). In *Schweiss*, as in the instant case, the plaintiff alleged she was discharged for reporting violations of OSHA at her workplace. *Schweiss*, 922 F.2d at 474. The Eighth Circuit determined that those allegations were sufficient to state a cognizable claim under Missouri law. *Id.* The only issue which remained for the court's decision was whether OSHA pre-empted plaintiff's state law claim. *Id.*

The Eighth Circuit found no language in the statute expressly pre-empting state law. *Schweiss*, 922 F.2d at 474. It also found no reason to infer pre-emption from the language of the statute, noting that "[OSHA] expressly allows for state regulation in the occupational safety field of law." *Id.* The court specifically held that the remedial measures provided for in OSHA did not pre-empt a state law wrongful discharge claim. *Id.* at 475.

■ In reaching its decision in *Schweiss*, the Eighth Circuit relied on a recently decided U.S. Supreme Court case, *English v. General Electric Co.*, 496 U.S. 72, 78–79, 110 S.Ct. 2270, 2274–75, 110 L.Ed.2d 65, 74 (1990). In *English*, the Supreme Court examined whether the Energy Reorganization Act of 1974 pre-empted a state law tort claim. That statute provides remedial measures to retaliatory discharge similar to those provided for in OSHA. 42 U.S.C. § 5851 (1995). Although defendant disagrees, we believe the issue in this case is also whether

OSHA pre-empts plaintiff's wrongful discharge claim. Pre-emption can occur when: (1) federal law expressly pre-empts state law; (2) federal law occupies the field so completely that pre-emption may be inferred; or (3) there is a conflict between federal and state law. *English,* 496 U.S. at 78–79, 110 S.Ct. at 2274–75. The Supreme Court found no pre-emption of the state tort claim by the federal statute, noting, "[o]rdinarily the mere existence of a federal regulatory or enforcement scheme, even one as detailed as [the Energy Reorganization Act], does not by itself imply pre-emption of state remedies." *Id.* at 87, 110 S.Ct. at 2279. The court found no actual conflict between the federal and state remedies, and thus no pre-emption. *Id.* at 90, 110 S.Ct. at 2281. The Eighth Circuit applied *English* to the facts of *Schweiss* and held that OSHA allows a state wrongful discharge claim under Missouri's public policy exception. *Schweiss,* 922 F.2d at 475.

We believe *Schweiss* and *English* promote the more just policy of allowing plaintiffs remedies in addition to the single narrow remedy provided by OSHA. For these reasons, we follow *Schweiss* and *English.*

Defendant further contends that state law simply does not apply where a federal statutory remedy exists, regardless of preemption. Defendant relies on *Clark v. Beverly Enterprises–Missouri,* 872 S.W.2d 522, 525 (Mo. App.1994) for this rule. However, the rule is merely dicta in *Clark.* The statute in *Clark* did not provide a remedy and plaintiff was allowed to assert a private cause of action. Defendant also relies on *Prewitt v. Factory Motor Parts, Inc.,* 747 F.Supp. 560, 565 (W.D.Mo.1990), which was cited by the Western District in *Clark* as authority for this rule. *Prewitt* is distinguishable.

The employee in *Prewitt* brought suit for wrongful discharge under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 215(a)(3) (1965). In Count I of the employee's complaint, she alleged wrongful discharge under FLSA. *Id.* at 561. Count II was a claim for wrongful discharge under Missouri's public policy exception to the employment at-will doctrine. *Id.* The federal district court concluded the employee had not stated a claim upon which relief could be granted as to Count II. *Id.* at 565. The court reasoned that FLSA provided a *complete range* of remedies for the employee and thus the public policy exception did not apply in that instance. *Id.*

The distinction between *Prewitt* and the instant case lies in the statutory remedies. FLSA allows an employee to bring a claim in either federal or state court to recover "employment, reinstatement, promotion, and the payment of lost wages and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (1995 Supp.). In contrast, OSHA only allows an employee to file a complaint with the Secretary of Labor who then decides whether to bring an action on the employee's behalf. 29 U.S.C. § 660(c)(2) (1985). The employee's right to relief is even further restricted in that the complaint must be filed within thirty days of the discrimination or discharge. *Id.* The decision to assert a cause of action is in the sole discretion of the Secretary of Labor and the statute affords the employee no appeal if the Secretary declines to file suit. *Id.* It is obvious from the language of the two statutes that although an employee may obtain any type of relief possible under FLSA through the employee's own actions, the relief available under OSHA is limited to what the Secretary of Labor deems appropriate. It should also be noted that unless an employee acts immediately and files a complaint with the Secretary of Labor, there is no remedy available without the public policy exception. We agree that, in instances such as *Prewitt,* a complete statutory remedy should replace the common law remedy, but such a result should not occur, in cases such as this, where the statutory remedy is incomplete.

A statutory remedy shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law.

*Prewitt,* 747 F.Supp. at 565, citing *Detling v. Edelbrock,* 671 S.W.2d 265, 271–272 (Mo. banc 1984).

We find OSHA does not provide a complete remedy and therefore we conclude that Missouri's public policy exception is ap-

plicable notwithstanding the existence of the federal statutory remedy under OSHA. Plaintiffs have stated a claim of wrongful discharge under the public policy exception to Missouri's employment at-will doctrine.[1] We reverse and remand for further proceedings.

PUDLOWSKI and GRIMM, JJ., concur.

---

1. We express no opinion on the merits of plaintiffs' claims.