945 F.Supp. 1256 (1996)
Douglas DUNHAM, et al., Plaintiffs,
v.
CITY OF O'FALLON, MISSOURI, et al., Defendants.
No. 4:95CV00225 GFG.
United States District Court, E.D. Missouri, Eastern Division.
November 13, 1996.
*1257 *1258 *1259 Althea P. Johns, Daniel Law Office, St. Louis, MO, for Plaintiffs.
Edward V. Crites, Kortenhof and Ely, St. Louis, MO, and R. Michael Lowenbaum, Sonnenschein and Nath, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion for summary judgment. Document 36. For the reasons set forth below, the motion is GRANTED.

I. Background
Plaintiffs Douglas and Elizabeth Dunham commenced this action against the City of O'Fallon, Michael Kernan, the Police Chief for O'Fallon, Edward Griesenauer, the Mayor of O'Fallon, and the Members of O'Fallon's Board of Aldermen,[1] by filing a seven-count complaint on February 2, 1995. Document 1.[2] According to the complaint, Mr. Dunham began working for the O'Fallon Police Department on February 1, 1982. Id. at ¶ 2. The Department implemented a mandatory physical health and fitness program in June 1990 at the direction of the Board of Aldermen and the Mayor. Id. at ¶¶ 5-7. In September 1990, Mr. Dunham's physician diagnosed him with asymptomatic coronary disease, which prevented him from completing the fitness test. Id. at ¶ 8. After a period of time elapsed during which Mr. Dunham remained unable to complete the fitness test, Chief Kernan placed Mr. Dunham on progressive discipline, which would normally lead to termination under the Department's regulations. Document 40, exh. A at ¶¶ 5-7. Mr. Dunham was never terminated, but he was not promoted since the test was instituted in 1990. Id. at ¶ 14.
In Counts I-VI, Mr. Dunham alleged claims for retaliation and intentional age, sex, and disability discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"), the 1991 Civil Rights Act, 42 U.S.C. § 1981a,[3] and the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010, et seq., ("MHRA"). In Count VII, Mr. Dunham asserted a claim for intentional infliction of emotional distress. Count VIII alleged a loss of consortium claim on behalf of Mrs. Dunham. Id. Plaintiffs sought a declaratory judgment, injunctive relief, reinstatement, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs. Id.
Defendants now move for summary judgment. Defendants argue that Mr. Dunham's discrimination and retaliation claims (Counts I-VI) are barred by the 90-day statute of limitations applicable to such claims. As to Count VII, defendants contend that the undisputed facts fail to establish a claim for intentional infliction of emotional distress. Finally, defendants maintain that Mrs. Dunham's claim for loss of consortium (Count *1260 VIII) fails because it is not cognizable under federal or state anti-discrimination laws and there is no valid underlying state law claim from which it can arise. Document 36.

II. Discussion
Summary judgment shall be entered if the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). In ruling on a motion for summary judgment, this Court views the evidence and all reasonable inferences which may drawn therefrom in the light most favorable to the nonmoving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). In response to a properly supported motion, the nonmoving party must set forth specific facts, by affidavit or other evidence, which demonstrate the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S.Ct. at 1355-56.

A. The Discrimination Claims
Defendants maintain that Mr. Dunham's employment discrimination claims are barred by the 90-day statute of limitations. Defendants correctly point out that a plaintiff alleging claims under the ADEA, Title VII, the ADA, and the MHRA must file a complaint within 90 days of receiving notice of the right to sue. See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); Mo. Rev.Stat. § 213.111.1.
The undisputed facts show that Mr. Dunham received right to sue letters from the EEOC and the Missouri Commission on Human Rights on October 15, 1993, and November 5, 1993, respectively. Document 1, exhs. A-C-2. Plaintiffs initially filed this action on December 23, 1993, within 90 days of receipt of the right to sue letters. Document 36, exh. A. Plaintiffs voluntarily dismissed the action without prejudice, however, on October 14, 1994. Id., exh. C. Plaintiffs then refiled the action on February 2, 1995, well after the 90-day period had elapsed. Id., exh. D.
At the outset, the Court observes that a dismissal without prejudice does not toll the statute of limitations on either a federal employment discrimination claim, Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995), or a discrimination action under the MHRA. Hartman v. Smith & Davis Mfg., 904 F.Supp. 983, 986-87 (E.D.Mo.1995); Hill v. John Chezik Imports, 797 S.W.2d 528, 530-31 (Mo. Ct.App.1990). "Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had been filed." Garfield, 57 F.3d at 666. Thus, unless plaintiffs establish some basis for tolling the statute of limitations, Mr. Dunham's discrimination claims appear to be time-barred.
Plaintiffs first argue that Mr. Dunham never received a right to sue letter on his ADEA claim. Document 40 at 6. The record reveals that on November 25, 1992, Mr. Dunham filed with the EEOC a charge of discrimination based on age, sex and disability. Document 43, exh. I. The charge was assigned number XXXXXXXXX. Id. The right to sue letters attached to Mr. Dunham's original complaint as Exhibits A and B both reference charge number XXXXXXXXX. Document 36, exh. A. But neither letter refers to Mr. Dunham's ADEA claim. The letters refer only to claims filed under Title VII and the ADA. Id.
Nevertheless, defendants argue that Mr. Dunham is bound by the statement in both his original and refiled complaint that he received a right to sue letter from the EEOC for the ADEA claim. In both complaints Mr. Dunham alleged:
Plaintiff Douglas Dunham filed a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and has met all the administrative prerequisites for bringing this cause of action. A copy of the Notice of Right to Sue is attached hereto, marked *1261 "Exhibit A" and incorporated herein by reference as if more fully set forth.
Document 36, exh. A at 10; exh. D at 10.
As a general rule, admissions contained in pleadings are in the nature of judicial admissions and are binding on the parties unless withdrawn or amended. Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1314 (8th Cir.1990). Thus, "even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." Id. at 1315 (citing Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105 (5th Cir.1987)).
In Davis, for example, plaintiffs commenced a civil action in September 1985 alleging that defendants churned their securities account in violation of RICO and the Securities and Exchange Act of 1934. 823 F.2d at 106. Plaintiffs alleged that they ordered defendants to close their accounts in August 1983 as a result of defendants' excessive and objectionable trading practices. Id. at 107. Based on these allegations, defendants moved for summary judgment on the ground that the Securities Act claim was barred by the two-year statute of limitations. One of the plaintiffs responded with an affidavit stating that he did not suspect any of the defendants of wrongdoing until January 1984. Plaintiffs therefore argued that the Securities Act claim did not accrue until 1984 and that the claim was not barred by the statute of limitations. Id. The Fifth Circuit held that plaintiffs were bound by the allegations in their complaint, notwithstanding the contradictory information contained in the affidavit. Id. at 107-08. Accordingly, the Court concluded that plaintiffs' claim accrued in 1983 and was barred by the two-year statute of limitations. Id.
Here, in both of his complaints, Mr. Dunham alleged that he had complied with the administrative prerequisites for bringing a civil action under the ADEA and that he had obtained a right to sue letter. The letter Mr. Dunham attached to both complaints was dated October 15, 1993. In light of Brice and Davis, the Court concludes that Mr. Dunham is bound by these allegations. Accordingly, the Court will grant defendants' motion for summary judgment on the ADEA claim on the ground that the second complaint was not timely filed.
As to the Title VII, MHRA and ADA claims, plaintiffs argue that the doctrines of equitable estoppel, equitable tolling and waiver are applicable and preserve these claims. After carefully considering plaintiffs' arguments, the Court concludes that they lack merit.
First, the equitable estoppel doctrine will not toll a statute of limitations unless an employee's failure to file in a timely manner is the result either of a deliberate design by the employer or of actions that the employer should have understood would cause the employee to delay filing the charge. Garfield, 57 F.3d at 666. The defendants must have taken some affirmative steps to prevent plaintiffs from suing within the limitations period for equitable estoppel to apply. Id.
In Garfield, the Eighth Circuit affirmed a grant of summary judgment for defendants in an age discrimination case on facts virtually indistinguishable from those presented here. The plaintiffs received right to sue letters, timely filed their civil actions, but later filed a stipulation to dismiss the suits without prejudice. Id. at 664. Thereafter, plaintiffs refiled their claims. Id. Defendants moved for summary judgment on the ground that the claims were barred by the 90-day statute of limitations. The District Court granted the motion. Id.
On appeal, plaintiffs argued that estoppel applied to toll the limitations period because: (1) defendants should have understood that their agreement to the stipulated dismissal without prejudice would cause plaintiffs to believe that they could refile the action without any adverse consequences; (2) defendants had agreed to the dismissal without prejudice after the limitations period expired; and (3) defendants knew the plaintiffs would be likely to refile their claims. Id. at 666. The Eighth Circuit rejected these arguments, concluding that defendants' acts did not amount to affirmative steps that were *1262 designed to or were likely to mislead the plaintiffs. Id.
Plaintiffs' arguments here are similarly unavailing. Plaintiffs contend that equitable estoppel applies because defendants did not assert their statute of limitations defense until after they lost two other cases challenging the validity of the fitness test.[4] But defendants' delay in asserting the defense did not prevent plaintiffs from commencing this action within the limitations period. Plaintiffs' further argue that estoppel is warranted because defendants did not raise the statute of limitations defense until plaintiffs dismissed this action without prejudice and then refiled. The Eighth Circuit rejected this same argument in Garfield. Accordingly, the Court finds no basis for applying the doctrine of equitable estoppel to toll the statute of limitations.
The Court also concludes that the equitable tolling doctrine is inapplicable. Equitable tolling "is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995) (quoting Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir.1994)). The record reveals that plaintiffs had all the information necessary to file the discrimination claims before the limitations period expired. In fact, plaintiffs initially filed within the limitations period. Plaintiffs' decision to dismiss the initial action without prejudice and later refile caused the time problem.
Finally, the Court rejects plaintiffs' waiver argument. There is an implied waiver of a defense only when a party's conduct is so inconsistent with and indicative of an intention to relinquish the defense and so clear and unequivocal that no other reasonable explanation for the conduct is possible. Garfield, 57 F.3d at 667. In Garfield, the Court held that defendants' agreement to allow plaintiffs to dismiss their complaint without prejudice did not constitute a waiver of the right to assert the statute of limitations defense after plaintiffs refiled their complaint. Id. The Court is bound to reach the same conclusion here.

B. The Emotional Distress Claim
Defendants next argue that the undisputed facts do not support a claim for intentional infliction of emotional distress ("IIED"). Defendants maintain that plaintiffs have failed to allege either extreme and outrageous conduct or severe, medically diagnosable emotional distress.
To state a claim for IIED, a plaintiff must allege that (1) defendant's conduct was extreme and outrageous, (2) defendant acted in an intentional or reckless manner, and (3) defendant's conduct resulted in severe emotional distress. See Local 36 Sheet Metal Workers Int'l Ass'n v. T.J. Kirkwood & Son, Inc., 911 F.Supp. 1197, 1211 (E.D.Mo.1996). The conduct alleged must be so outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in civilized society. Id. Additionally, the plaintiff must allege that he suffers from emotional distress that is medically diagnosable and medically significant. Hendrix v. Wainwright Indus., 755 S.W.2d 411, 412 (Mo.Ct.App.1988). Missouri case law reveals very few factual scenarios sufficient to support a claim for IIED. See, e.g., Gibson v. Hummel, 688 S.W.2d 4, 7 (Mo.Ct.App.1985).
In Hendrix, the Court addressed a similar situation. There, plaintiff alleged that he suffered a hearing loss on the job; that he filed complaints concerning the hearing loss with his employer; that the employer failed to respond adequately; that he thereafter filed a complaint with the United States Department of Labor, Occupational Safety and Health Administration; that because of his complaint he was continuously harassed and threatened with termination of his employment; and that he was ultimately terminated. 755 S.W.2d at 412. The Court held that although the conduct alleged was both undesirable and illegal, it did not reach the level *1263 of extreme and outrageous conduct necessary to support a claim for IIED. Id.
Here, after reviewing the complaint and the evidence in the record, the Court concludes that Mr. Dunham's IIED claim fails. Defendants implemented the physical fitness testing program after it was recommended by an outside consulting firm; the test defendants adopted was recommended by instructors from the FBI National Academy; and it was the most commonly used fitness test for police officers. Document 36, exh. E at 12; exh. F at 97-101; exh. H at 27. Defendants did not terminate Mr. Dunham due to his inability to complete the test. The Court recognizes that in other cases defendants have been found liable for discrimination based on conduct similar to that alleged here. But the Court concludes that neither defendants' decision to implement the test nor their treatment of Mr. Dunham constitutes extreme and outrageous conduct sufficient to support a claim for IIED under Missouri law.
The Court also notes that plaintiffs did not allege an essential element of an IIED claim  that Mr. Dunham suffered from medically diagnosable and medically significant emotional distress. See Hendrix, 755 S.W.2d at 412. Moreover, there is no evidence in the record to suggest that Mr. Dunham sought psychiatric assistance or counseling to alleviate his alleged emotional distress. Accordingly, Mr. Dunham's IIED fails for this reason as well.

C. The Loss of Consortium Claim
Mrs. Dunham's loss of consortium claim is premised on the same conduct alleged to support Mr. Dunham's employment discrimination and IIED claims. Defendants argue that this claim must be dismissed because Mr. Dunham's employment discrimination claims cannot support a claim for loss of consortium and because the IIED claim fails as a matter of law. The Court agrees with defendants.
In Franz v. Kernan, No. 4:93-CV-1143 CEJ, slip op. at 4, 1996 WL 756816 (E.D.Mo. Sept. 18, 1996), the Honorable Carol E. Jackson, United States District Judge for this District, held that claims under the ADEA, Title VII, the ADA, and the MHRA cannot support a spouse's loss of consortium claim. Thus, to the extent Mrs. Dunham's claim is based on Mr. Dunham's employment discrimination claims, it fails as a matter of law.
Moreover, under Missouri law, "a spouse cannot recover for loss of consortium if the other spouse has no valid claim for personal injuries." H.R.B. v. J.L.G., 913 S.W.2d 92, 99 (Mo.Ct.App.1995). Here, the Court has granted summary judgment for defendants on Mr. Dunham's IIED claim. Accordingly, Mrs. Dunham's claim for loss of consortium cannot stand.

III. Conclusion
In view of the foregoing,
IT IS HEREBY ORDERED that defendants' motion for summary judgment, Document 36, is GRANTED.
IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment, Document 35, is DENIED as moot.
NOTES
[1] The complaint names as defendants Board Members Dennis Henson, Paul Renaud, Henry Dussold, Eugene Moser, Cliff Hesskamp, Joe Salemi, Kenneth Molloy, and Rose Mack.
[2] Mr. Dunham died during the pendency of this action, and the Court granted Mrs. Dunham's unopposed motion for substitution pursuant to Fed.R.Civ.P. 25(a)(1).
[3] Section 1981a does not create an independent cause of action, but simply provides for additional forms of relief in employment discrimination actions. See Swartzbaugh v. State Farm Ins. Co., 924 F.Supp. 932, 934 (E.D.Mo.1995); Ferry v. Roosevelt Bank, 883 F.Supp. 435, 442 (E.D.Mo. 1995). Thus, Count V of the complaint does not state an independent claim for relief.
[4] See Franz v. Kernan, No. 4:93CV1143 CEJ (E.D.Mo.); Faulkenberry v. City of O'Fallon, No. 4:95CV117 JCH (E.D.Mo.).