124 F.3d 207
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Elizabeth DUNHAM, as personal representative for Douglas
Dunham, Appellant,
v.
CITY of O'Fallon, Missouri, a Municipal corporation;
Michael Kernan, individually and in his official capacity as
Police Chief of the City of O'Fallon, Missouri; Edward
Griesenauer, individually and in his official capacity as
Mayor of the City of O'Fallon, Missouri; Board of Alderman
of the City of O'Fallon, Missouri, by and through its
individual members; Dennis Henson, individually and in his
official capacity as Alderman of the City of O'Fallon,
Missouri; Paul Renaud, individually and in his official
capacity as Alderman of the City of O'Fallon, Missouri;
Henry Dussold, individually and in his official capacity as
Alderman of the City of O'Fallon, Missouri; Eugene Moser,
individually and in his official capacity as Alderman of the
City of O'Fallon, Missouri; Cliff Hesskamp, individually
and in his official capacity as Alderman of the City of
O'Fallon, Missouri; Joe Salemi, individually and in his
official capacity as Alderman of the City of O'Fallon,
Missouri; Kenneth Molloy, individually and in his official
capacity as Alderman of the City of O'Fallon Missouri; Rose
Mack, individually and in her official capacity as Alderman
of the City of O'Fallon, Missouri; Appellees.
John FOMERA; Christine Fomera, Appellant,
v.
CITY of O'Fallon, Missouri, a Municipal corporation;
Michael Kernan, individually and in his official capacity as
Police Chief of the City of O'Fallon, Missouri; Edward
Griesenauer, individually and in his official capacity as
Mayor of the City of O'Fallon, Missouri; Board of Alderman
of the city of O'Fallon, Missouri, by and through its
individual members; Dennis Henson, individually and in his
official capacity as Alderman of the City of O'Fallon,
Missouri; Paul Renaud, individually and in his official
capacity as Alderman of the City of O'Fallon, Missouri;
Henry Dussold, individually and in his official capacity as
Alderman of the City of O'Fallon, Missouri; Eugene Moser,
individually and in his official capacity as Alderman of the
city of O'Fallon, Missouri; Cliff Hesskamp, individually
and in his official capacity as Alderman of the City of
O'Fallon, Missouri; Joe Salemi, individually and in his
official capacity as Alderman of the city of O'Fallon,
Missouri; Kenneth Molloy, individually and in his official
capacity as Alderman of the City of O'Fallon, Missouri;
Rose Mack, individually and in her official capacity as
Alderman of the City of O'Fallon, Missouri; Appellees.
 Nos. 97-1430, 96-4212.
 United States Court of Appeals, Eighth Circuit.
 Submitted: September 10, 1997.
Filed: September 25, 1997.
 
 Before McMILLIAN, ROSS and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elizabeth Dunham, as personal representative for Douglas Dunham, and John and Christine Fomera appeal from final orders entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of the City of O'Fallon and other defendants on their employment discrimination and related claims. Fomera v. City of O'Fallon, No. 4:95CV00238 (GFG) (E.D.Mo. Dec. 31, 1996) (memorandum and order); Dunham v. City of O'Fallon, 945 F.Supp. 1256 (E.D.Mo.1996).
 
 
 2
 The district court held that appellants' employment discrimination and retaliation claims were barred by the applicable 90-day statute of limitations, 945 F.Supp. at 1260-62, citing Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.) (holding dismissal without prejudice does not toll running of statute of limitations on either federal or state employment discrimination claim), cert. denied, 116 S.Ct. 380 (1995). The district court also held that Elizabeth Dunham was bound by the allegations in Douglas Dunham's original and refiled complaints that he had received a right to sue letter for his age discrimination claim. Id. at 1261. The district court also held the undisputed facts and applicable law did not support the state law claims for intentional infliction of emotional distress and loss of consortium. Id. at 1262-63.
 
 
 3
 We have carefully reviewed the record and we agree with the analysis of the district court as set forth in its well-reasoned memorandum and order. See 8th Cir. R. 47B. Accordingly, we affirm the judgments of the district court.
 
 
 4
 A true copy.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., Senior United States District Judge for the Eastern District of Missouri